*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-360

JULY TERM, 2011

| | | |
|---|---|---|
| Jane Krochmalny and Office of Child Support | } | APPEALED FROM: |
| | } | |
| | } | |
| | } | |
| v. | } | Superior Court, Windham Unit, |
| | } | Family Division |
| | } | |
| Wayne Mills | } | DOCKET NO. F355-12-93 Wmdm |

Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Defendant obligor appeals an order of the family division of the superior court issuing a child support arrears judgment requiring him to pay a specified sum towards those arrears by a certain date, and permitting the Office of Child Support (OCS) to apply for a mittimus in the event he failed to timely pay that amount. We affirm.

This is the latest in a series of attempts by plaintiff obligee and OCS to collect child support from defendant. Plaintiff and defendant were married for twenty years and divorced in 1996. By the time their youngest son graduated from high school in 2005, defendant owed over $29,000 in child support arrears. In 2007, the parties, including OCS, entered into a stipulation in which defendant agreed to pay $400 per month towards the more than $39,000 in child support arrears that had accumulated. Defendant made his last payment in December 2007.

In June 2008, the family court held defendant in contempt for willfully putting himself in a position in which he could not pay child support. The court ordered defendant to pay $2800 by the end of July 2008 to purge himself of the contempt. When defendant failed to pay the required sum, OCS filed an affidavit of noncompliance, and on August 18, 2008, the court issued a mittimus ordering husband's incarceration. On appeal, we reversed the court's finding of contempt, vacated the mittimus, and remanded the matter after concluding that the court issued the mittimus without first finding that defendant had the ability to purge his contempt. Krochmalny v. Mills, 2009 VT 106, 186 Vt. 645 (mem.).

A hearing on remand was scheduled for December 9, 2009. Shortly before the hearing, defendant informed the court that he would not be appearing in person at the hearing but that he could be reached at a certain telephone number. At the hearing, the court noted the lack of any request to appear by telephone, see V.R.F.P. 17(b) (stating necessary conditions for telephonic participation at hearing, including finding by court that telephonic appearance will not prejudice fairness of proceedings because of, for example, need to assess credibility of witness), but decided to treat the hearing as a status conference only. A contempt hearing was rescheduled for January 26, 2010. That hearing did not take place, however, because the court was unable to timely serve defendant with notice of the hearing. The hearing was again rescheduled, this time

for April 13, 2010.  On the morning of the hearing, the court received a letter from defendant stating that he would not be attending the hearing because he had not been served notice at least fifteen days in advance of the hearing, as required by rule.  The court again treated the hearing as a status conference.  The court then rescheduled the hearing for August 10, 2010.  On June 15, 2010, defendant was personally served with a judicial summons, a notice of hearing, a blank affidavit of income and assets form, and an application for assigned attorney.  Nevertheless, defendant failed to appear at the August 10 hearing, and the matter proceeded as a default hearing on the merits.  Plaintiff and a representative of OCS appeared, and evidence was taken.

In a September 3, 2010 decision, the court concluded, among other things, that defendant had a present ability to pay $3075, the same amount that a Massachusetts court on June 15, 2010 had ordered defendant's sister to pay him within three business days.  Based on this and other findings and conclusions, the family court entered a judgment of child support arrears in the amount of $43,361, ordered defendant to pay to OCS $3075 within ten days, and, in the event defendant did not timely pay that amount, permitted OCS to "apply for a mittimus to issue requiring the defendant to pay this amount, or to be incarcerated as a sanction for his failure to do so."  On September 20, 2010, OCS filed an affidavit of noncompliance and a request that the court issue a mittimus.  On the same day, defendant filed a notice of appeal of the court's September 3 order.  On October 6, 2010, without ruling on OCS's request for a mittimus, the court stayed enforcement of its September 3 order pending defendant's appeal.

On appeal, defendant argues that the court abused its discretion by requiring him to pay a specified amount based solely on the fact that he may have received an equivalent amount of money two-and-one-half months earlier or at some later time.  We find defendant's argument unavailing insofar as the court did not actually find defendant in contempt, but rather "defer[red] the imposition of sanctions until the respondent has had an opportunity to meet specific conditions that will purge the contempt."  V.R.F.P. 16(b)(5); see also V.R.F.P. 16(a) (noting that Rule 16 "implements and supplements the inherent and statutory powers of the court to impose such sanctions for failure to comply with a court order" (emphasis added)).  And even if we have to assume a finding of contempt in light of the court's invitation to OCS to seek a mittiums in the event defendant did not pay the required amount, defendant may yet seek to demonstrate an inability to purge himself of the contempt before the court can issue a mittimus for his incarceration.  See Sheehan v. Ryea, 171 Vt. 511, 512 (mem.) (explaining that court cannot order incarceration as means of coercing compliance if obligor lacks present ability to pay purge amount); see also Russell, 166 Vt. at 400 (concluding that defendant not entitled to counsel at initial contempt hearing "because the court did not consider incarcerating defendant without providing him another opportunity, if necessary, to challenge his ability to comply with the child support orders and the reasonableness of the purge conditions with the aid of counsel").

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice

2